Appeal from a judgment of the Supreme Court in favor of defendants, entered May 29, 1946, in Hew York County, upon a decision of the court on a trial at Special Term, dismissing the complaint on the merits.

P.er Curiam.

The life-insurance premiums on the life of the deceased judgment debtor, Louis L. Grey, which plaintiff seeks to recover, were paid from funds of Gothic Jar Proof Watch Corp. of which Grey’s son Harold H. Grey was the sole stockholder and executive head. Therefore, these premiums cannot be reached in this action unless the transfer of assets from Gothic Watch Co., Inc. (partly owned by Louis L. Grey), to Gothic Jar Proof Watch Corp. was made in fraud of creditors, or unless the $20,000 subscribed by Harold H. Grey for his stock in Gothic Jar Proof Watch Corp. really belonged to his father Louis L. Grey. Heither of these propositions has been established if the $19,846.10 borrowed by Louis L. Grey at this time on his life insurance was transferred to Harold H. Grey to apply upon a valid indebtedness, and provided that the value of the assets of Gothic Watch Co., Inc., did not exceed its indebtedness on June 14, 1932, when its assets were transferred to Gothic Jar Proof Watch Corp. That was at about the lowest period of the depression; the corporation had been sustaining heavy losses, and the determination of the trial court is sustained by the evidence that these assets were not worth more than the liabilities which the grantee corporation assumed.
There is also evidence which it was in the province of the trial court to regard as decisive that Louis L.- Grey was indebted to Harold H. Grey in the sum of $32,448.04 in May, 1932, when $19,846.10 that had been borrowed on Louis L. Grey’s life insurance policies was transferred to him.
The plaintiff in order to succeed in this action must prove that these transactions were the product of actual fraud. Actual fraud is never presumed, and its existence presents a question of fact before an affirmative finding can be made. Here the trier of the fact has found its absence and his determination will not be disturbed. The judgment should be affirmed, with costs. The modifications which have been made in the, findings are formal and are designed to carry into effect with greater precision what the trial court manifestly intended.
A new finding of fact should be made after Ho. 6 as follows: 6%: That said indebtedness of $32,448.04 from Louis L. Grey to Harold H. Grey was after any credits to which said Louis L. Grey became entitled on account of the transfer by him to Harold H. Grey of other assets, and that said indebtedness to Harold H. Grey was a valid and subsisting obligation at the time of the transfer of $19,846.10 by Louis L. Grey to Harold H. Grey on or about May 16 and May 17, 1932, out of borrowings on his life insurance, and that said money was paid to Harold H, Grey to apply on said indebtedness.
The 27th finding of fact should be amended by adding these words at the close of the first paragraph immediately after “ were as follows ’’: u the figures listed opposite the items of assets are as carried on the books, but do not represent the actual values of these assets on June 14, 1932; ” and by inserting at the end of finding Ho. 27 this additional paragraph: “ That the assets of Gothic Watch Co., Inc., at the time when they were transferred to- Gothic Jar Proof Watch Corp. on June 14, 1932, had neither a liquidation value nor a *955 going concern value in excess of the liabilities of Gothic Watch Co., Inc., which were assumed by Gothic Jar Proof Watch Corp. on that date.” Martin, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.
Judgment unanimously affirmed, with costs. Settle order on notice.